IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 26 AM 10: 42

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| Keith D. Hill, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| vs. | : <u>05-2797</u> Ml V |
| R. James Nicholson, Secretary of Vetarans Affairs, Department of Veterans Affairs, | : |
| | : JURY DEMANDED |
| Defendant. | : |

## COMPLAINT OF DISCRIMINATION

COMES NOW the Plaintiff, Keith D. Hill (hereinafter "Hill" or "Keith Hill"), by and through counsel, and for cause of action respectfully states and would show unto the Court the following:

### JURISDICTION AND VENUE

1.   This cause of action arises under provisions of Title VII of the Civil Rights Act of 1991, and 1964, as amended, 42 U.S.C. §2000 <u>et. seq.</u>.  This Court has jurisdiction of this action under and pursuant to 28 U.S.C. §§1331 and 1343 and provisions of 42 U.S.C. §2000e-5. Plaintiff brings this claim for discrimination based upon race, hostile work environment, harassment and retaliation.

The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights under federal law providing relief against discrimination



based upon race, hostile work enviroment, harassment and retaliation. The willful and wrongful conduct giving rise to this cause of action occurred within the territorial juridiction of this Court, and venue is properly laid in this Court under 28 U.S.C. §1391.

2. The Plaintiff, Keith Hill, is 42 years of age and a an African-American male, who is a citizen of the United States and a resident citizen of Shelby County, Tennessee having his address at 3308 Caribou Drive, Memphis, TN 38115.

3. Defendant, R. James Nicholson is the Secretary of the Department of Veterans Affairs having his address at 810 Vermont Street, NW Washington DC, 20420. Defendant, Department of Veterans Affairs is a corporation operating a medical facility, Veterans Administration Hospital, located at 1030 Jefferson Ave., Memphis, TN 38104. Plaintiff worked at the hospital facility located at 1030 Jefferson Ave., Memphis, TN 38104. Defendants' agent for service of process is R. James Nicholson, having the principal place of business at 810 Vermont Street NW, Washington DC 20420.

## ADMINISTRATIVE PROCEEDINGS

4. Keith Hill, timely filed a charge of discrimination with the Equal Employment Office against the VA Medical Center in Memphis, TN, charge No. 200L-0614-2003102218. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter

"EEOC") against Defendant, under EEOC Case No. 250-2004-00137X stating that they discriminated against him based on his race, hostile work environment, harassment and retaliation. A Final Agency Decision was issued on August 1, 2005.

This Complaint is timely filed pursuant to such notice that he received from the Department of Veterans Affairs, office of Employment Discrimination Complaint Adjudication, Washington, D.C.

## ALLEGATIONS OF FACTS

5. At all times pertinent to this cause of action, Keith Hill was an employee of Defendants, who employs fifteen or more employees for each working day in each of twenty of more calendar weeks in the current or preceding calendar year and were engaged in interstate commerce or were agents of such a person or entity constituting and "employer" as the term is defined by statute.

6. Keith Hill commenced his employement with Defendants, on or about May 6, 2001. Mr. Hill was hired as a cook-supervisor, WS-8. At all times pertinent to this cause of action, Keith Hill was an "employee" of Veterans Administrative Hospital at Memphis, Tennessee as defined by law.

7. During Mr, Hill's employment with Veterans Medical Center, he was discriminated against, with respect to the

terms, conditions and/or privileges of his employment because of his race; to wit, black.

8. Mr. Hill has worked continuously commencing May 6, 2001, except for a period of thirteen months when he was called to Active Duty; to wit, October 1, 2001 to November 4, 2002. Mr. Hill's predecessor was a white male, WS-11 and had a clerk to assist him, but after Mr. Hill started working as the cook supervisor the clerk was transfered, and Mr. Hill was assigned the additional duties of the clerk. Further, his white predecessor had the assistance of a supervisor administrative dietician, but that position was also eliminated, and the duties of the supervisor adminstrative dietician was incorporated into Mr. Hill's position of cook supervisor. Besides not having a clerk, an adminstrative assistant, Mr. Hill was also short a cook, leaving him three cooks rather than the four his predecessors had.

9. Mr. Hill was discriminated against by his immediate supervisor, Ann Frogge when he advised her that he was being called to active duty, when she tried to force him to resign.

10. Ms. Frogge was determined to force Mr. Hill to resign from his position after he returned from active duty in November, 2002. On January 13, 2003 Ms. Frogge called a meeting with Mr. Hill and four supervisors to notify them

that a patient was coming in for radiation treatment and his meals would have to be served on disposable dinnerware and not china. Mr. Hill advised the charge checker and the food service workers, who pull up the tray tickets and send it out to the tray line, pursuant to Ms. Frogge's notification. On the day that the radiation patient came into the hospital, the nurse failed to input the infromation regarding the disposable dishes into the computer and, therefore, the parient's meal went up from the kitchen on a regular tray. The nurse did not follow proper policy and procedure; it was not the fault of a food service worker, nor certainly not Mr. Hill's.

Ms. Frogge unfairly gave Mr. Hill a written counseling for the January 15th incident. There were four (4) other supervisors at the meeting with Ms. Frogge, but only Mr. Hill was singled out and received a written counseling.

11. On March 25, 2003, Ms. Frogge related that she and Mr. Hill would meet every Friday to discuss his work performance. This was the first time that Mr. Hill had received information that his job performance was lacking. They met every Friday from March 2002 until July 2003. During this time Mr. Hill notified the director, associate director and interim director that Ms. Frogge was harassing him every Friday during the meetings. Only after Mr. Hill met with the interim director in July 2003 did the Friday

meetings stop.

12. During the March 25, 2003 meeting Mr. Hill advised Ms. Frogge that he was going to file a complaint with the EEO concerning the harassing treatment that he recieved at work from Ms. Frogge. On March 27, 2003 he contacted the office of resolution management to file a complaint of harassment and discrimination to the EEO based upon race.

13. After Mr. Hill filed his complaint against Ms. Frogge in March 2003 she started coming into the kitchen all the time and nitpicking and harassing Mr. Hill. Prior to this time Ms. Frogge only visited the kitchen periodically. When his predessor was working as a cook supervisor Ms. Frogge was hardly ever in the kitchen and never asked any questions and the same issues were present. Only After Mr. Hill filed with the EEO did Ms. Frogge come up with all of these problems for which Mr. Hill was not responsible.

14. On April 18, 2003, Ms. Frogge retaliated against Mr. Hill for filing his EEO complaint when she arbitrarily changed his Performance Standards. Mr. Hill was hired in May 2001 and had the same Performance Standards the entire time of his employment up until he filed an EEO complaint. They were the same Perfomance Standanrds that the previous cook supervisor had been under for many years. On April 18, 2003 Ms. Frogge changed the Performance Standards of only Mr. Hill. There was a significant difference between the two

Perfomance Standanrds; the new standards were put in place for Mr. Hill to fail.

15. On April 21, 2003 Mr. Hill was discriminated against when he was given four days to complete employee performance appraisals while other supervisors were given approximately five weeks.

16. Over a fifteen month period Ms. Frogge had twenty-two complaints of discrimination based upon race (black) filed against her at the VA Hospital, Memphis, Tennessee.

17. Plaintiff avers that Defendant's actions in violation of federal law were a direct and proximate cause of Plaintiff's loss of past and future income, humiliation, embarassment, mental anguish, emotional pain and suffering, and loss of enjoyment of life, due to Defendant's pervasive creation and tolerance of a hostile work environment, harassment and discrimination.

18. Keith Hill who is a memeber of the black race was subjected to discrimination due to his race.

CAUSES OF ACTION

A. <u>Violation of Civil Rights</u>:   Federal

19. The allegations set forth in Paragraphs 1 through 18 above are hereby restated and incorporated herein by reference.

20. The acts and conduct of the Defendant violated the Civil Rights Act of 1964, as amended, and 1991, 42 U.S.C.

7

§20003 <u>et. seq.</u>, for which they are liable to Hill for damages and other relief.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That proper process issue subjecting the Defendant to the jurisdiction of this Court requiring Defendant to answer Plaintiff's cause;

2. That, upon hearing of this cause, judgment be entered for Plaintiff against the Defendant for all damages due Plaintiff on account of Defendant's discrimination based upon race, that such practices by Defendant be declared unlawful; that the Defendant be found to have engaged in willful discrimination based on a violation of the Plaintiff's federal civil rights, and that Defendant be enjoined from further acts or practices of discrimination;

3. Specifically, that the Court grant Plaintiff judgment against the Defendant for compensatory damages of $950,000.00 (Nine Hundred and Fifty Thousand Dollars) to Plaintiff and for her loss of earnings, deprivation of other benefits and entitlements, and all pecuniary loss, including back pay and front pay, suffered and sustained by Plaintiff as a result of the conduct of Defendant in this matter;

5. That the Court award Plaintiff such punitive or exemplary damages of no less than $500,000.00 (Five Hundred Thousand Dollars) as he may be entitled to in the premises;

6. That the Court grant Plaintiff judgment against

Defendant for Plaintiff's attorney fees and costs of this casue of action, pre and post judgment interest; and

7. That the Court grant Plaintiff such other and further relief as the Court may deem just and proper in the premises.

<u>PLAINTIFF DEMANDS TRIAL BY JURY OF THE ISSUES JOINED IN THIS CAUSE.</u>

                                            Respectfully submitted:

                                            _/s/ Kaye G. Burson_

                                            Kaye G. Burson (13179)
                                            Attorney for Plaintiff
                                            1053 West Rex Road
                                            Suite 101
                                            Memphis, TN  38119
                                            901-682-0667

STATE OF TENNESSEE )
) ss
COUNTY OF SHELBY )

I, Keith Hill, being first duly sworn, hereby make oath that the allegations contained in the foregoing Complaint Of Discrimination are true to the best of my knowledge and belief.

_____
Keith Hill

SWORN TO AND SUBSCRIBED before me this 29th day of September, 2005.

_____
Notary Public

My Commission Expires:

June 23, 2009